**Michael Anthony Shaw**
D: 251.439.7591
F: 251.439.7387
tshaw@joneswalker.com

July 12, 2026

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
Thurgood Marshall United States
Courthouse
40 Foley Square, Room 2201
New York, New York 10007

Re: Biolabs International, LLC v. WatMind USA, et al., No. 1:26-cv-03828-PAE
Letter-Motion to Seal Exhibit A to the First Amended Complaint (Dkt. 19)

Dear Judge Engelmayer:

We represent Defendant WatMind USA ("WatMind"). Pursuant to Rule 4.B of Your Honor's Individual Rules, Local Civil Rule 7.1(d), Standing Order 19-MC-00583, and Section 6 of the S.D.N.Y. Electronic Case Filing Rules & Instructions, WatMind respectfully moves for an order:

(1) directing the Clerk to restrict from public view, effective immediately on an interim basis pending decision, Exhibit A to the First Amended Complaint (Dkt. 19 at 25–42), with access limited to the Court and counsel of record; and

(2) directing Plaintiff to file a corrected public version of the First Amended Complaint, substituting a placeholder page for Exhibit A; or alternatively, WatMind requests leave to file a redacted public version of Exhibit A, redacting only the provisions identified below, with an unredacted, highlighted copy filed under seal as allowed by Your Honor's Individual Rule 4.B.3(ii).

**A Federal Court Has Already Sealed This Document.**

Exhibit A is the complete Master Distribution Agreement between Biolabs and WatMind. Section 11.1 designates the parties' "contractual agreements, pricing, price lists," business plans, customer information, and know-how as confidential; Sections 11.2 and 22.2 extend that obligation three years past termination. In *Watmind USA, Inc. v. Biolabs International, LLC*, No. 3:26-cv-00332-DPJ-LGI (S.D. Miss.) (the "Mississippi Action"), WatMind attached this same Agreement to its complaint and contemporaneously moved to seal it. On May 12, 2026, the court granted that motion, expressly finding that "the parties' interest in their contractual rights to confidentiality outweighs the public interest in the disclosure of the contractual dealings between private companies," restricting the Agreement from public access "until further notice," and directing counsel to maintain its confidentiality. Order, Miss. Dkt. 5

(attached as Exhibit 1). Accordingly, the Agreement appears on the Mississippi docket only as a sealed placeholder. Miss. Dkt. 1-1. (attached as Exhibit 2). WatMind's claims in Mississippi include injunctive relief to enforce the Agreement's confidentiality and exclusivity provisions against Biolabs. *See* Miss. Dkt. 1, ¶¶ 100–104 (attached as Exhibit 3). On June 4, 2026, WatMind's application for entry of default was mailed to Biolabs's counsel, John M. Estefanos. Mailing to Estefanos (attached as Exhibit 4). He is the same attorney who filed and signed the pleadings in this action. WatMind's Motion for Default Judgment was filed on June 15, 2026, and delivered to Biolabs by certified mail on June 24, 2026. *See* Motion for Entry of Default Judgment and accompanying memorandum with tracking information (attached as Exhibit 5).

**Biolabs Then Publicly Filed the Confidential Agreement Here.**

Biolabs' original Complaint in this action did not attach the confidential agreement. Biolabs only attached Exhibit A after being served with the Complaint in Mississippi, being mailed the Notice of Entry of Default, and being mailed the Motion for a Default Judgment. The First Amended Complaint, with Exhibit A, was filed July 7, 2026 — after the Mississippi sealing order, after the mailed notices, and after the Clerk's entry of its default. In short, Biolabs intentionally filed the confidential agreement in the New York Court with full knowledge that Biolabs had filed suit seeking to enforce the confidentiality of that agreement in a sister court, and that the Mississippi Court had placed the Agreement in question under seal.

**The Sealing Standard Is Met.**

WatMind recognizes that Exhibit A is a judicial document, and that sealing it must be narrowly tailored and consistent with the presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). WatMind also recognizes that, pursuant to Your Honor's Individual Rule 4.B.2, a confidentiality agreement standing alone does not suffice to overcome the presumption of public access. Here, the exhibit's specific content causes concrete competitive harm: Appendix 3 discloses the parties' negotiated transfer-pricing methodology. Sections 7.5, 8.2, and 8.3 disclose negotiated prepayment, credit, and interest terms. Section 2.7 discloses the structure by which customer-level sales data is exchanged, and Sections 9.1 and 1.3 disclose negotiated insurance limits and performance targets. Each of these sections falls within the "proprietary or trade secret information" category of the S.D.N.Y. ECF Privacy Policy. The Mississippi action details the concrete competitive harm that disclosure of these provisions would cause. *See* Miss. Dkt. 1 ¶¶ 42-45, 100-104 (attached as Exhibit 3). Critically, another federal court has already weighed these interests with respect to this very document and found that they outweigh the public access interest. Continued public docketing here nullifies Judge Isaac's Order restricting "until further notice" access to the contract. Comity and respect for a sister court's order weigh heavily in favor of restricting public access here. Nor does any public interest require access to the exhibit itself: whatever public interest this dispute presents attaches to the allegations of the First Amended Complaint, which remain fully public in its body. The Agreement's specific commercial terms are not contained in the allegations.

**Biolabs' Own Filing Does Not Destroy the Contract's Confidentiality.**

WatMind anticipates Biolabs' reliance on cases like *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 144 (2d Cir. 2004), for the proposition that a court cannot "make what has thus become public private again." *Gambale* does not control, for two reasons. First, its futility rationale is tied to irretrievable dissemination — information published in a judicial opinion, available on Westlaw and Lexis, and reported in the national press. *Id.* at 144 & nn.10–11. Exhibit A has been available only on PACER for a limited period, and WatMind is aware of no republication. *Gambale* itself confirms that courts protect confidential material

that has entered the record but is not irretrievably lost: the Second Circuit directed that the transcript containing the confidential settlement amount remain permanently sealed. *Id.* at 143–45. Prompt restriction of Docket Entry 19 accomplishes the same protective purpose here, which is why WatMind seeks interim relief immediately.

Second, the disclosure here was the deliberate act of the party bound by the confidentiality obligation. The Second Circuit has held that a litigant may not end-run confidentiality obligations by filing protected materials and then invoking the presumption of access and has affirmed sealing to close that loophole. *See In re IBM Arbitration Agreement Litig.*, 76 F.4th 74, 86 (2d Cir. 2023).

*Gambale* likewise warned of the "troubling element of bootstrapping" when legitimately confidential material is "transmute[d]" into a presumptively public document through the circumstances of its filing rather than any adjudicative need. *Gambale*, 377 F.3d at 143 n.8. The public filing served no pleading necessity. Biolabs' original Complaint was filed without attaching the exhibit, and the First Amended Complaint describes every provision on which it relies without disclosing confidential information. Biolabs should not be rewarded for its breach of the confidentiality provisions of the agreement by having that action moot portions of WatMind's suit in Mississippi.

**Narrow Tailoring.**

The relief sought is limited to a single exhibit. No portion of the First Amended Complaint's body would be sealed, so the public's ability to understand the claims and to monitor this Court's adjudication would be unimpaired. Alternatively, the Court could order a redacted version of Exhibit A be filed, redacting only Sections 1.3, 2.7, 7.5, 8.2, 8.3, 9.1, and Appendix 3. If the Court prefers redaction, WatMind will immediately provide the Court with redacted and highlighted copies of Exhibit A, as called for in Your Honor's Individual Rule 4.B.3(ii).

**Conclusion.**

Because Exhibit A already appears on the public docket, WatMind requests that the Clerk be directed to immediately restrict the viewing level of Docket Entry 19 pending resolution of this issue, and, upon granting the Motion, order that Plaintiff be directed to file a corrected public version of the First Amended Complaint with a slip-sheet placeholder for Exhibit A. Alternatively, WatMind asks that the Court order that the current Exhibit A be replaced with the proposed redacted Exhibit A described above.

Respectfully submitted,

Michael Anthony Shaw

MAS

Enclosure

GRANTED,

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: July 14, 2026
New York, New York